AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| Eulalio Leon, a/k/a "Camilo Berrun Hernandez," | ) | Case No.  12-8350-DLB |
| | ) | |
| | ) | |
| | ) | |
| _Defendant(s)_ | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____September 3, 2012_____ in the county of _____Palm Beach_____ in the
_____Southern_____ District of _____Florida_____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. § 1326(a) | an alien, having previously been removed and deported from the United States on March 28, 2009, was found to be in the United States, knowingly and unlawfully, without the Attorney General of the United States or his successor, the Secretary of Homeland Security (Title 6, United States Code, Sections 202(3), 202(4), and 557) having expressly consented to such alien reapplying for admission to the United States. |

This criminal complaint is based on these facts:

See attached affidavit of Customs and Border Protection Border Patrol Agent Scott Stacy

☑ Continued on the attached sheet.

_____
_Complainant's signature_

Border Patrol Agent Scott Stacy
_Printed name and title_

Sworn to before me and signed in my presence.

Date:    09/07/2012
_____
_Judge's signature_

City and state:    West Palm Beach, Florida

U.S. Magistrate Judge Dave Lee Brannon
_Printed name and title_

**AFFIDAVIT**
**OF**
**AGENT SCOTT STACY**
**DEPARTMENT OF HOMELAND SECURITY**
**CUSTOMS and BORDER PROTECTION**
**Case No. 12-8350-DLB**

Your affiant, Scott Stacy, first being duly sworn, does hereby depose and state as follows:

1.      I am a Border Patrol Agent with the Department of Homeland Security, Customs and Border Protection (CBP) (formerly Immigration and Naturalization Service), and have been so employed for more than fifteen (15) years.  I am currently assigned to the West Palm Beach Border Patrol Station, Riviera Beach, Florida.  The station is located in the Southern District of Florida.

2.      As a Border Patrol Agent, my duties include the detection and interdiction of individuals illegally entering the United States, and those aliens who are currently within the United States illegally.  I am trained in detecting and locating individuals suspected of assisting aliens in their illegal entry into the United States by any means.  I am also responsible for the investigation and processing of aliens who are entering or residing illegally in the United States as well as the investigation of people responsible for the smuggling of such undocumented aliens.

3.      This affidavit is based upon an ongoing investigation.  The information herein is further based on my review of the U.S. Citizenship and Immigration Service (USCIS) File Number A071 539 142, court documents and reports, and interviews of Defendant.  The statements contained in this affidavit are based upon my own personal knowledge, as well as

information provided to me by other law enforcement officials and employees of CBP. I have not included in this affidavit each and every fact and circumstance known to me, but only the facts and circumstances that I believe are sufficient to establish probable cause that Eulalio LEON has committed a violation of Title 8, United States Code, Section 1326, illegal re-entry into the United States after deportation.

4.      On September 3, 2012, Border Patrol agents from the West Palm Beach station received a call for assistance from the Florida Highway Patrol through Border Patrol Sector Communications. The call referenced an FHP trooper on a traffic stop southbound on the Florida Turnpike near mile marker 84, which I know to be an area located in Palm Beach County and the Southern District of Florida. The vehicle had several suspected illegal aliens inside of the vehicle and the trooper requested assistance.

5.      Four subjects were found in the vehicle including Eulalio LEON, a/k/a Camilo Berrun Hernandes and Camilo B Hernandes, a/k/a Camilo B Hernandez, a/k/a Eduardo Rivera, hereinafter Defendant.

6.      Upon Border Patrol arriving on scene, the trooper advised the agent that neither the driver nor the three passengers had a legal license in order to operate the vehicle. The trooper also stated several of the subjects did not speak English. The four subjects were administratively questioned as to their citizenship. All four subjects, including the Defendant, admitted to being citizens and nationals of countries other than the U.S., and to having just

2

entered the U.S. illegally.   The four subjects were placed under administrative arrest and transported to the West Palm Beach Border Patrol Station for vetting and processing.

7.     Defendant was enrolled into the DHS e3 Processing System wherein the defendant's biographical information, a photograph, and fingerprints are searched in the Automated Fingerprint Information System (AFIS) and the Integrated Automated fingerprint Information System (IAFIS).   The two systems check prior immigration and criminal history records based on input fingerprints.   Your affiant noted the defendant was convicted of Possession of Cocaine in Broward County Circuit Court Case No. 04-006025-CF10A

8.     Defendant was positive in both systems.   Defendant was ordered removed on March 20, 2009 and was removed on March 28, 2009, from the United States to Mexico.

9.     I obtained copies of the Immigration Judge's Order of Removal, dated March 20, 2009; the Form I-205, Warrant of Removal/Deportation bearing a photograph and right index fingerprint of the Defendant, dated March 28, 2009 and the Form I-294, a Warning to Alien Ordered Removed or Deported, dated March 24, 2009, bearing the defendant's right index fingerprint.

10.     On September 5, 2012, a request was made to the National Records Center, Saint Louis, Missouri for Defendant's alien registration file and for a record of Non-Existence from the U.S. Citizenship and Immigration Services, Royal Palm Beach, Florida was obtained and demonstrated that Defendant did not obtain permission from the Secretary of Homeland Security to legally return to the United States after removal.

3

11.     Upon obtaining Defendant's alien registration file, a fingerprint comparison was conducted that demonstrated that the person's fingerprint on the Form I-205 and Form I-294 match Defendant's fingerprints obtained on September 3, 2012, at the time of his administrative processing.

12.     Checks were conducted in the USCIS computer database.  Information contained in the USCIS database indicated that Defendant had been last removed from the United States on March 28, 2009.

WHEREFORE, on the basis of the foregoing, your affiant submits that there is probable cause to believe the defendant Eulalio LEON has committed a violation of Title 8, United States Code, Section 1326, illegal re-entry into the United States after deportation.

FURTHER AFFIANT SAYETH NAUGHT.

_____
SCOTT STACY
BORDER PATROL AGENT
CUSTOMS AND BORDER PROTECTION


SWORN TO AND SUBSCRIBED
BEFORE ME THIS 7TH DAY OF
SEPTEMBER, 2012, AT WEST
PALM BEACH, FLORIDA.


_____
HON. DAVE LEE BRANNON
UNITED STATE MAGISTRATE JUDGE

4

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: 12-8350-DLB

### BOND RECOMMENDATION

DEFENDANT: Eulalio Leon

Pre-Trial Detention

(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:    John C. McMillan, Jr.

Last Known Address: _____

_____

_____

What Facility:    Palm Beach County Jail

_____

Agent(s):    Border Patrol Agt Scott Stacy
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)
Customs and Border Protection (CBP)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   12-8350-DLB

UNITED STATES OF AMERICA

vs.

EULALIO LEON, a/k/a "Camilo
Berrun Hernanez,"

Defendant.

_____/

## CRIMINAL COVER SHEET

1.    Did this matter originate from a matter pending in the Northern Region of the United States
      Attorney's Office prior to October 14, 2003?      _____ Yes   _X_ No

2.    Did this matter originate from a matter pending in the Central Region of the United States
      Attorney's Office prior to September 1, 2007?      _____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:  _____
JOHN C. McMILLAN JR.
ASSISTANT UNITED STATES ATTORNEY
Admin. No. A5500228
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777
John.McMillan@usdoj.gov